**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ADOLPH Q. SHERROD,

　　　　　Petitioner - Appellant,

　　v.

WARDEN BONNER; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

　　　　　Respondents - Appellees.

No. 14-1237
(D. Colo.)
(D.C. No. 1:14-CV-00127-LTB)

---

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

---

Before **GORSUCH**, **MURPHY,** and **McHUGH**, Circuit Judges.

---

This matter is before the court on Adolph Q. Sherrod's pro se request for a

certificate of appealability ("COA"). Sherrod seeks a COA so he can appeal the

district court's dismissal of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C.

§ 2253(c)(1)(A) (providing that no appeal may be taken from a final order

denying a § 2254 petition unless the petitioner first obtains a COA). Because

Sherrod has not "made a substantial showing of the denial of a constitutional

right," 28 U.S.C. § 2253(c)(2), this court **denies** his request for a COA and

**dismisses** this appeal. We do, however, **grant** Sherrod's motion for leave to

proceed on appeal in forma pauperis.

Following a jury trial in Colorado state court, Sherrod was convicted of multiple counts of, among other things, physically and sexually assaulting his girlfriend. Most, but not all, of the sentences imposed by the trial court were ordered to run consecutively. After obtaining some relief on direct appeal,[1] but no further relief in state post-conviction proceedings, Sherrod filed the instant § 2254 petition. Sherrod's § 2254 petition raised the following three claims: (1) the trial court abused its discretion in imposing consecutive sentences; (2) the Double Jeopardy Clause requires the merger of his third degree sexual assault conviction into his first degree assault conviction; and (3) the trial court should have considered (a) amendatory Colorado legislation mitigating penalties for certain crimes and (b) a heat-of-passion mitigator to arrive at more lenient sentence as to his first degree assault conviction.

Because the record conclusively demonstrated Sherrod was not entitled to habeas relief, the district court dismissed his § 2254 petition without holding a hearing. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). The district court concluded the first and third claims set out in Sherrod's petition were state-law

---

[1]The Colorado Court of Appeals determined Sherrod's two convictions for third degree sexual assault should merge and, then, remanded the matter to the district court to resentence Sherrod.

claims that did not raise federal constitutional issues. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). The district court also concluded all three claims set out in Sherrod's petition were unexhausted and, furthermore, were subject to either a procedural bar or anticipatory procedural bar. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 748 (1991).

The granting of a COA is a jurisdictional prerequisite to Sherrod's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Sherrod must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In evaluating whether Sherrod has

satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although Sherrod need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Sherrod's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Sherrod is not entitled to a COA. In so ruling, this court has nothing to add to the district court's thorough analysis. Accordingly, this court **DENIES** Sherrod's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge